## Case No. 15,476.

### UNITED STATES v. JENTHER.

[13 Blatchf. 335.] [1]

Circuit Court, S. D. New York. April 29, 1876.

OFFENCES UNDER POSTAL LAWS — EMBEZZLEMENT OF LETTER—SUFFICIENCY OF INDICTMENT —VARIANCE—NEW TRIAL.

1. Under section 5467 of the Revised Statutes, an indictment against a letter-carrier for embezzling a letter entrusted to him as a carrier, to be carried and delivered by him, is not defective, although it does not aver that the letter had not been delivered to the party to whom it was directed.

[Cited in U. S. v. Lacher, 134 U. S. 632, 10 Sup. Ct. 628.]

2. That section creates, first, offences appertaining to letters, and, next, offences appertaining to the contents of letters, and then contains this proviso: "and provided the same shall not have been delivered to the party to whom it is directed." Semble, that such proviso does not apply to the first class of offences. If, however, it does, it is for the accused to prove the delivery, as a defence.

3. An indictment under said section described the letter embezzled thus: "A letter enclosed in an envelope, addressed and directed as follows, that is to say, to M. D., No. 122 W. 26 St., a more particular description of the manner in which said envelope was directed being to the jurors unknown, said envelope having been destroyed:" Held, that it was competent to give evidence relating to a letter contained in an envelope directed "M. D., No. 122 W. 26 Street," the word "to" and the abbreviation "St." not being on the envelope, the variances not being material.

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

4. On a motion by the defendant for a new trial on an indictment, on the ground that the evidence failed to sustain a particular allegation in the indictment. it ought to appear that the objection was made at the trial in a manner sufficiently formal to attract attention.

[This was an indictment against Albert K. Jenther upon the charge of embezzling a letter intrusted to him as a letter carrier. The case is now heard on motions in arrest of judgment and for a new trial.]

Benjamin B. Foster, Asst. U. S. Dist. Atty. Ambrose H. Purdy, for defendant.

BENEDICT, District Judge. The accused was indicted under section 5467 of the Revised Statutes, charged with embezzling a letter entrusted to him as a carrier, to be carried and delivered by him. Having been found guilty, he now moves in arrest of the judgment, and also for a new trial. The main ground of the motion in arrest of the judgment is, that the indictment is defective, in that it contains no averment that the letter had not been delivered to the party to whom it was directed, it being supposed that the statute makes it necessary for the prosecution to aver and prove such negative fact.

The section under which the indictment is framed is devoted to the creation of two kinds of offences—one appertaining to letters, the other to the contents of letters. In creating the offence of embezzling letters, the statute describes the subject of the offence as a letter intended to be conveyed by mail, or to be carried or delivered by a mail carrier, mail messenger, route agent, letter carrier, or other person employed in a department of the postal service, or forwarded through or delivered from any post office, and which shall contain an article of value. This portion of the section is, to all appearance, complete, and there is nothing in it to indicate that it does not state all the ingredients of the offences intended to be created thereby.

The statute then passes to another subject, namely, the contents of letters, and creates certain offences in respect thereto. In this part of the statute occurs the proviso: "and provided the same shall not have been delivered to the party to whom it is directed." If it be true that the proviso is intended to be applicable to the offences created by the first part of the section, as well as to those created by the part of the section to which it is appended, still it is not so connected with the description of the offences relating to letters as to compel its insertion in an indictment. The offence of embezzling a letter, as created by the statute, can be fully set forth without including the proviso, for, the proviso is not incorporated into that portion of the statute, but is separated from it by a provision relating to a different subject-matter. The general rule is. that. if there be any description in the negative, the affirmation of which would be a defence, the proof of it lies

on the defendant, and it need not be stated. Rex v. Baxter, 5 Term R. 83. This rule is properly applied in the case of a letter carrier charged with the embezzlement of a letter entrusted to him to be carried and delivered. The delivery of the letter would be a defence, and the fact of delivery peculiarly within the knowledge of the person charged with such delivery.

Moreover, this indictment charges an embezzlement by the letter carrier of a letter entrusted to him to be carried and delivered. The fair and plain implication here is, that no delivery of the letter had been made. Upon this ground, also, the indictment can be sustained. The motion in arrest of judgment must, therefore, be denied.

The motion for a new trial raises a question of variance. The indictment describes the letter embezzled in the following manner: "a letter enclosed in an envelope. addressed and directed as follows, that is to say, to Mary Dilsworth, No. 122 W. 26 St., New York City—a more particular description of the manner in which said envelope was directed being to the jurors unknown, said envelope having been destroyed." This description is varied slightly in different counts of the indictment. The evidence to the admission of which objection is taken related to a letter contained in an envelope directed, "Mary Dilsworth, No. 122 W. 26 Street, New York City," the only variance being, that the word "to," placed before "Mary Dilsworth," in the indictment, was not upon the letter, and the abbreviation "St.," given in the indictment, was not upon the letter, but, instead, the word "Street" was written out in full. Neither of these variances is material. The sense is the same. No word is changed. nor any word important to the sense omitted. Besides, the indictment states that the envelope is lost, and that such loss prevents a more particular description of the manner in which the letter was addressed; and, although the phraseology adopted in this particular is not happy, still it may properly, I think, be held to convey the idea, that exactness in the direction stated was not intended, not being possible, as the envelope was lost. It may, also, be said, that the introduction of the preposition "to," before the name, together with the accompanying statement of loss of the direction, notwithstanding the use of the words "as follows," shows that it was the intention of the pleader not to set out the direction, but only to describe the person to whom the letter was addressed. These reasons are sufficient to dispose of the question of variance.

The only remaining ground of objection to the verdict is, that the evidence failed to show that the letter contained an obligation and security of the United States, as averred in the indictment. The witness testified, that she placed in the letter three dollars. in one dollar bills. The district attorney is confident that the witness also said the bills were

national bank bills. This the defendant's counsel denies, and I am unable, from my notes or recollection, to say which is right. But, this is certain, no such point was called to my attention on the trial. A general objection was made, that the averment of the indictment in respect to the contents of the letter had not been proved; but, it was replied, that the letter had been proved to contain three one dollar bills. There may, also, have been something said about the necessity of proving that the bills were bills of the United States, but, I am certain the objection now made, that, upon the evidence, the bills may have been bills of some state bank, and so not obligations of the United States, as averred in the indictment, was not brought to my consideration at the trial. Such an objection, if intended to be relied on, should have been made in a manner sufficiently formal to attract the attention of the court, and when the omission, if it existed, could, beyond reasonable doubt, have been cured. Made first at this time, in any formal manner, it is justly to be disregarded. The motion for a new trial is, for these reasons, denied.